HOOKER, APPELLANT, *v.* THE KROGER CO., APPELLEE.

[Cite as Hooker v. Kroger Co., 12 Ohio App. 2d 105.]

(No. 10180—Decided July 10, 1967.)

*Messrs. Beirne, Wirthlin & Manley,* and *Mr. Charles J. Tekulve,* for appellant.

*Messrs. Bloom, Greene, Thurman & Uible,* for appellee.

BRENNEMAN, P. J. Plaintiff brought an action in the Court of Common Pleas of Hamilton County, Ohio, seeking damages for personal injuries received, as he claims, as a result of the negligence of the defendant in furnishing faulty equipment for use by the plaintiff in unloading his truck, while making deliveries of produce to the defendant at defendant's warehouse.

The circumstances concerning the plaintiff's claim are not complicated.

Plaintiff was employed by the Crosset Company as a truck driver, and it was his duty to deliver produce to the warehouse docks of the defendant by means of a truck belonging to his employer. Actual delivery of the produce was accomplished by means of using bins belonging to the defendant. The defendant would, by the use of a power-fork-lift or mule, place a bin on the truck, and the plaintiff's duty was to load, or stack, the produce on the bin. When the bin was loaded, it was the defendant's duty to remove it by inserting the fork of the lift into the pallet on the bottom side of the bin and, by power lift, to take the bin to the inside of the warehouse.

The bins, with the attached pallets, were of a steel frame construction. Wooden slats were bolted to the steel frame on three sides, leaving one side open for loading. The purpose of

the wooden slats was to retain the contents of the bin. Each bin, according to the plaintiff, weighed about one hundred pounds.

On the day of the accident, plaintiff arrived at defendant's warehouse with a load of produce, as was his custom two or three times each day. After backing his truck against the loading dock, he inquired of the defendant's dock foreman which type bins or pallets were to be used (there being several types used according to the kind of produce to be delivered). He was told to use the three-sided bin, heretofore described. Plaintiff did not wait until the defendant's fork-lift placed the bin, or bins, on his truck, but proceeded to manually move one of the bins from its position on the loading dock to his truck, by means of "wiggling" or sliding the bin on the dock surface, tilting it, and then lifting it onto his truck, the bed of which was eighteen inches higher than the dock surface. The bin had no handles, rollers, or other attachments for moving it by hand, and the pallet slot for the insertion of the fork-lift was the only attachment provided for moving the bin, either empty or filled.

Plaintiff, while moving the bin by hand power, as described, took hold of one of the wooden slats on one side, to effect his "wiggling," sliding, and lifting. In the process, a wooden slat, used by the plaintiff for leverage, broke, and the bin fell on the plaintiff, severaly injuring him. The extent of those injuries is stipulated by the parties in a fixed dollar amount.

In the trial court, a jury was waived, and the matter was submitted to the court by depositions, stipulations, exhibits, and other evidence. The court found for the defendant and entered judgment in its favor; in addition to which it made separate findings of fact and conclusions of law, and answered certain interrogatories submitted.

From the judgment there entered, an appeal is lodged in this court on questions of law.

The errors assigned by the plaintiff are as follows:

"1. The judgment of the Common Pleas Court is contrary to law.

"2. The judgment of the Common Pleas Court is contrary to the manifest weight of the evidence.

"3. The court erred, as a matter of law, in finding and determining that the defendant was not negligent.

"4. The court erred in finding and determining that the plaintiff was negligent and that the plaintiff's negligence proximately contributed to his injury.

"5. The court erred in failing to find and determine that the plaintiff had the right to assume that the instrumentality furnished to him by the defendant could be used for the purpose for which it was intended."

The third claimed error asserts that the court, as a matter of law, erred in finding the defendant free from negligence. As to this claim of the plaintiff, we have searched the record to determine whether there was any credible evidence showing that the wooden slat, which broke and precipitated the accident, was defective or unsuitable for its intended use; and found none.

Plaintiff's counsel urge numerous authorities requiring an owner, employer, or independent contractor to furnish safe appliances, free from defects, for the safety of invitees. See: 28 Ohio Jurisprudence 2d 380, Section 33; and 39 Ohio Jurisprudence 2d 564, Section 52. We concur in the rules cited; but find no evidence of a failure on the part of the defendant to furnish a safe appliance.

The fourth assignment of error asserts that the court improperly found and determined the plaintiff negligent, proximately contributing to his injury. The plaintiff's manual movement of the bin was voluntary. He failed to wait for the defendant's employees to use the equipment provided by the defendant and available for such purpose. The evidence shows the plaintiff used the wooden slat (the one which broke) for the purpose of leverage to effect movement of the bin by manual means. The purpose of the wooden slat was to prevent spillage from the bin when loaded, and not for the purpose of leverage when moving the bin. The duty of the defendant to provide appliances free from defect is limited *to defect from the intended use* of those appliances. See 39 Ohio Jurisprudence 2d 586, Section 64.

Under these circumstances, we believe the trial court properly determined that plaintiff was negligent, and that such negligence proximately contributed to his injury.

The fifth assignment of error fails, by its own assertion, in the application of the evidence. Plaintiff urges that he had

"the right to assume that the instrumentality (bin) furnished to him by the defendant could be used for the purpose for which it was intended." The evidence shows he used it in a manner "not intended." In fact, the evidence shows that the "intended use" of the bin in movement was by power lift; a fact well known to the plaintiff, as shown by the evidence.

The determination of the last three of the assigned errors, determines the first two. The lack of evidence showing that the bin was defective, and the failure of the plaintiff to use the bin in the manner of its "intended use," refute the plaintiff's claim that the judgment of the trial court is contrary to the manifest weight of the evidence, or is contrary to law.

The trial court, from all the evidence, properly concluded that the plaintiff was guilty of negligence, and that such negligence proximately contributed to his resulting injury.

We find no error prejudicial to any substantial right of the appellant, and the judgment of the trial court must be and hereby is affirmed.

*Judgment affirmed.*

HUNSICKER and DOYLE, JJ., concur.

BRENNEMAN, P. J., HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by assignment in the First Appellate District.